IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS E. JOHNSON

vs.       Case No. ELH-09-3056

BRIAN ELLIOTT DOWNING, ET AL.

\*\*\*\*\*\*

## MEMORANDUM

Presently pending before the court in this motor tort case are "Plaintiff's Motion In Limine Regarding Conversation At The Scene Of The Automobile Accident" (ECF 65); Defendant Brian E. Downing's Opposition To Plaintiff's Motion In Limine (ECF 73); and Plaintiff's Response to the Opposition (ECF 77). No hearing is necessary to resolve this dispute. *See* Local Rule 105.6.

Plaintiff seeks to bar at trial any testimony from the defendant that, at the scene of the accident, plaintiff used profanity. At the defendant's deposition, the defendant testified that the plaintiff was "visibly upset" at the scene and said: "What the f-u-c-k were you doing[?]" Defendant further testified that, in response, he told the plaintiff to "watch [his] mouth," because the defendant's young child was in the defendant's car. To that comment, plaintiff allegedly responded: "I don't give a f-u-c-k about your son." At his deposition, plaintiff claimed that, at the scene, he merely exchanged insurance information with the defendant.

As plaintiff notes, the defendant has stipulated to liability. Therefore, causation of plaintiff's injuries, and compensation for damages (if any), will be the prime issues for the jury to resolve. Plaintiff argues that the proposed testimony is not probative as to causation or damages. Alternatively, he claims that, even if probative, the unfair prejudice resulting from such testimony would outweigh the probative value.

1

The defendant counters that the proposed testimony is relevant to the issue of the plaintiff's credibility, "which in turn, speaks to the nature and extent of Plaintiff's damages." Further, the defendant argues that plaintiff's "profane emotional outburst" is relevant to the plaintiff's "state of mind, motivation and intention in bringing this instant lawsuit." He adds that, given that this was a minor accident, in which plaintiff's historic vehicle was damaged, "[a] reasonable inference can be made that Plaintiff filed this instant lawsuit in retaliation for the collision rather than because he suffered any cognizable injury…."

As defendant concedes, "trial courts are vested with wide discretion to determine what evidence is material and relevant." In my view, the proposed testimony is wholly irrelevant and immaterial to the issues of causation and damages. *See* Fed. R. Evid. 402. Alternatively, even if relevant, I am satisfied that, under Fed. R. Evid. 403, the potential of unfair prejudice to the plaintiff would outweigh the minimal probative value of such testimony.

In the immediate aftermath of a vehicular accident, it is not entirely unusual for someone involved in an accident to become upset or agitated. Even assuming that plaintiff cursed, as defendant contends, and recognizing that such conduct is certainly impolite, plaintiff is not on trial for the appropriateness of his conduct or his demeanor at the scene. Moreover, it is clear from the defendant's version of events that the plaintiff did not engage in the protracted use of profanity. To the contrary, the defendant attributes two sentences to the plaintiff, each containing one curse word. Nor is it clear from the defendant's deposition testimony that plaintiff even realized that the defendant's young son was in the car when the plaintiff stood at the driver's window. Perhaps most important, there is absolutely no basis for the defendant's claim that the profane comments are relevant to show plaintiff's motive in fabricating his claim of personal injuries, in retaliation for damage to plaintiff's historic vehicle.

For these reasons, the court will enter an Order granting the motion in limine barring testimony that plaintiff cursed at the scene of the accident.

Date: February 8, 2011          __/s/_____
                                Ellen Lipton Hollander
                                United States District Judge